UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-cv-62192

ANDREA ARAUZ,

    Plaintiff,

v.

MOFFA, SUTTON & DONNINI, P.A., JOSEPH MOFFA, individually and in his official capacity, JAMES SUTTON, individually and in his official capacity, and GERALD DONNINI, individually and in his official capacity,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS COUNT IV WITH PREJUDICE[1]

Defendants, MOFFA, SUTTON & DONNINI, P.A. (the "**Firm**"), JOSEPH MOFFA ("**Mr. Moffa**"), JAMES SUTTON ("**Mr. Sutton**"), and GERALD DONNINI ("**Mr. Donnini**") (the Firm, Mr. Moffa, Mr. Sutton, and Mr. Donnini collectively, "**Defendants**"), by and through undersigned counsel, hereby move this Court to dismiss Count IV, which seeks relief under Florida's Uniformed Service Members' Protection Act—a statute which does not afford litigants a private cause of action—and in support hereof, state as follows:

## INTRODUCTION

Plaintiff ANDREA ARAUZ ("**Plaintiff**") filed her Complaint on October 29, 2025, alleging claims related to purported violations of the Uniformed Services Employment and

---

[1] To avoid piecemeal pleadings and to preserve judicial and party resources, Defendants request an enlargement of time to respond to Counts I, II, and III by ten (10) days from the date this Motion is adjudicated. *See Jacques v. First Liberty Ins. Corp.*, No. 8:16-cv-1240-T-23TBM, 2016 WL 3221082, at *1 (M.D. Fla. June 9, 2016) ("[T]he weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); (citing *Beaulieu v. Bd. of Trs. of Univ. of W. Fla.*, No. 3:07-cv-30-RVEMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) (collecting cases)); *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249 (W.D.N.Y. 1998) (same).

1

Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("**USERRA**"), and the Florida Uniformed Service Members Protection Act, §§ 250.80-250.84, Florida Statutes ("**FUSPA**"). Pertinent to this Motion, Count IV seeks relief under FUSPA. As set forth in more detail below, FUSPA does not afford litigants a private cause of action. Accordingly, Count IV must be dismissed with prejudice.

## MEMORANDUM OF LAW

### I.   Pleading Standard

The pleading standard in Federal Rule of Civil Procedure 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ali v. RWS & Assocs. Entm't, Inc.*, 2024 WL 6886406, at *1 (S.D. Fla. May 24, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Id.* (quoting *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Authority*, 566 U.S. 449 (2012)).

"In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally 'limited to the four corners of the complaint.'" *Id.* (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009)). "The court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true." *Id.* (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "But '[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'" *Id.* (alteration in original) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004)).

### II.   Florida's Uniformed Service Members Protection Act

FUSPA does not create a private cause of action for civil litigants. *See Brown v. Lincoln Prop. Co.*, 354 F. Supp. 3d 1276, 1279 (N.D. Fla. 2019) (Hinkle, J.); *see also Fannin v. United*

2

*Space Alliance, L.L.C*, 2009 WL 139878, n.1 (M.D. Fla. Jan 20, 2009) ("Although Plaintiff asserted claims in the Amended Complaint . . . for violation of the Florida Uniformed Servicemembers Protection Act ("FUSPA"), Fla. Stat. § 250.80 et seq., **the Act does not provide any employment rights to private sector employees** . . . "). While FUSPA identifies USERRA as a federal statute under which servicemembers have protections, FUSPA neither incorporates USERRA's terms nor does it expressly create a separate cause of action. *See Baluja v. City of Coral Gables, Fla.*, No. 24-23470-CIV, 2025 WL 781811, at *2 (S.D. Fla. Mar. 6, 2025) (Martinez, J.). Rather, the expressed legislative intent of the statute is to ensure that Florida's servicemembers are aware of rights they may have under other statutes. *Id.*

Here, Count IV against Defendants undoubtedly seeks relief against Defendants for "Discrimination in Violation of ***Florida's Uniformed Service Members' Protection Act***." *See* D.E. 1, at pp. 18. Indeed, allegation 108 asserts "Defendants' actions described above constitute violations of the Florida Uniformed Service Members Protection Act, §§ 250.80-250.84, Florida Statutes (2007)." *See* D.E. 1, ¶ 108. While the wherefore clause in Count IV seeks damages under USERRA, it also seeks litigation expenses under FUSPA.[2] Yet, FUSPA does create a private cause of action. Accordingly, Count IV of Plaintiff's Complaint must be dismissed *with prejudice*. *See Baluja*, 2025 WL 781811, at *2 (Judge Martinez dismissing FUSPA claim because the statute does not create a private cause of action); *see also Ductan v. GEICO General Ins. Co.*, 722 F. Supp. 3d

---

[2] To the extent Count IV seeks relief under two separate statutes, Plaintiff's complaint is a shotgun pleading which must be dismissed. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (explaining that complaints which fail to separate each cause of action or claim for relief into different counts fall into the third category of shotgun pleadings); *See Green v. Intuit, Inc.*, No. 8:23-cv-1039-TPB-AAS, 2024 WL 621606, at *5 (M.D. Fla. Feb. 14, 2024) ("Based on the improper inclusion of different claims in the same counts . . . the third amended complaint is dismissed as a shotgun pleading, with leave to amend.")*; In re Tupperware Brands Corp. Sec. Litig.*, No. 22-10658, 2023 WL 5091802, at *8 (11th Cir. Aug. 8, 2023) (affirming dismissal of shotgun pleading where the plaintiff brought two different claims in the same count).

3

1293, 1296 (S.D. Fla. 2024) (this Court dismissing claim with prejudice where statute did not afford litigant a private cause of action).

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Court should dismiss Count IV with prejudice, award Defendants their costs, and grant any further relief as the Court deems just and proper.

Date: January 5, 2026

> Respectfully submitted,
>
> **TRIPP SCOTT, P.A.**
> 110 SE 6th Street – 15th Floor
> Fort Lauderdale, Florida 33301
> Tel: (954) 525-7500
> Fax: (954) 761-8475
> *Counsel for Defendants*
>
> By: /s/ *Jake S. Blumstein*
> **JAKE S. BLUMSTEIN**
> Florida Bar No. 1017746
> jsb@trippscott.com
> eservice@trippscott.com
> sxc@trippscott.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2026, I electronically filed this document with the Clerk of Court through CM/ECF, which effectuated service on all parties and counsel of record.

> By: /s/ *Jake S. Blumstein*
> **JAKE S. BLUMSTEIN**
> Florida Bar No. 1017746

## SERVICE LIST

**KELLY LYNN O'CONNELL, ESQ.**
Florida Bar No. 119312
ko@kellyoconnelllaw.com
O'Connell Law PLLC

175 SW 7th St Ste 2410
Miami, FL 33130-2966
Tel: (305) 209-9246
*Counsel for Plaintiff*

#3351609v1-221416.0001